**Not for Publication**

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARQUITA KNIGHT a.k.a. FLEMING, individually and on behalf of all others similarly situated,<br><br>*Plaintiff(s)*,<br><br>v.<br><br>AR RESOURCES, INC.,<br><br>*Defendant*. | Civil Action No. 20-cv-7495<br><br>**OPINION** |

**John Michael Vazquez, U.S.D.J.**

      This putative class action involves alleged violations of the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692 *et seq.* Presently before the Court is Defendant AR Resources, Inc.'s motion to dismiss the Complaint. D.E. 4. Plaintiff Marquita Knight a.k.a. Fleming filed a brief in opposition, D.E. 9, to which Defendant replied, D.E. 10. The Court reviewed the parties' submissions[1] and decided the motion without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the reasons set forth below, Defendant's motion to dismiss is **GRANTED**.

---

[1] Defendant's brief in support of its motion to dismiss (D.E. 4-2) will be referred to as "Def. Br."; Plaintiff's opposition brief (D.E. 9) will be referred to as "Plf. Opp."; and Defendant's reply (D.E. 10) will be referred to as "Def. Reply."

I.      **BACKGROUND & PROCEDURAL HISTORY**

Plaintiff allegedly incurred a financial obligation to Union Emergency Med Assoc. ("Union Emergency") some time before March 9, 2020 and Union Emergency "contracted with" Defendant to collect the debt.[2]  Compl. ¶¶ 21, 25; D.E. 1.  On March 9, 2020, Plaintiff received a debt collection letter (the "Letter") from Defendant regarding the alleged debt.  *Id.* ¶ 27, Ex. A.  The Letter states as follows: "Please be advised that our client is a credit reporting client.  Your credit report may have a negative impact if we do not hear from you."  *Id.* ¶ 27.

After receiving the Letter, Plaintiff filed this putative class action on June 19, 2020.  D.E. 1.  Plaintiff alleges that the Letter violates Section 1692e of the FDCPA because the above statement implies that both Defendant and Union Emergency "will be credit reporting, which is threatening and deceptive to the least sophisticated consumer."  Compl. ¶ 31.  Plaintiff also alleges that the Letter is deceptive because it is not clear whether either company will actually report to a credit reporting agency.  *Id.* ¶ 32.  On July 29, 2020, Defendant filed its motion to dismiss, arguing, pursuant to Federal Rule of Civil Procedure 12(b)(6), that Plaintiff failed to state a claim in her one-count complaint.  D.E. 4.

II.      **LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss a complaint that fails "to state a claim upon which relief can be granted[.]"  Fed. R. Civ. P. 12(b)(6).  For a complaint to survive dismissal under Rule 12(b)(6), it must contain sufficient factual allegations to state a claim

---

[2] The factual background is taken from the Complaint and its attached exhibit. D.E. 1. When reviewing a Rule 12(b)(6) motion to dismiss, "courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). Here, Plaintiff attached the debt collection letter at issue as an exhibit to the Complaint and also makes repeated references to the letter in the pleading. Accordingly, the Court considers the exhibit in deciding this motion.

that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Further, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of her claims." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016). In evaluating the sufficiency of a complaint, district courts must separate the factual and legal elements. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-211 (3d Cir. 2009). Restatements of the elements of a claim are legal conclusions, and therefore, are not entitled to a presumption of truth. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011). The Court, however, "must accept all of the complaint's well-pleaded facts as true." *Fowler*, 578 F.3d at 210.

### III. ANALYSIS

The FDCPA "creates a private right of action against debt collectors who fail to comply with its provisions." *Grubb v. Green Tree Servicing, LLC*, No 13-07421, 2014 WL 3696126, at *4 (D.N.J. July 24, 2014). The FDCPA was enacted by Congress in 1977 with the purpose of eliminating "abusive, deceptive, and unfair debt collection practices" by debt collectors. 15 U.S.C. § 1692a. "As remedial legislation, the FDCPA must be broadly construed in order to give full effect to these purposes." *Caprio v. Healthcare Revenue Recovery Grp., LLC*, 709 F.3d 142, 148 (3d Cir. 2013), *overturned on other grounds by Riccio v. Sentry Credit, Inc.*, 954 F.3d 582 (3d Cir. 2020) (*en banc*). To that end, "[l]ender-debtor communications potentially giving rise to claims under the FDCPA should be analyzed from the perspective of the least sophisticated debtor." *Rosenau v. Unifund Corp.*, 539 F.3d 218, 221 (3d Cir. 2008) (quoting *Brown v. Card Serv. Ctr.*, 464 F.3d 450, 454 (3d Cir. 2006)). "[A]lthough this standard protects naive consumers, it also

3

'prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness and presuming a basic level of understanding and willingness to read with care.'" *Wilson v. Quadramed Corp.*, 225 F.3d 350, 354-55 (3d Cir. 2000) (quoting *United States v. Nat'l Fin. Servs., Inc.*, 98 F.3d 131, 136 (4th Cir. 1996)).

To succeed on an FDCPA claim, a plaintiff must demonstrate that "(1) she is a consumer, (2) the defendant is a debt collector, (3) the defendant's challenged practice involves an attempt to collect a 'debt' as the Act defines it, and (4) the defendant has violated a provision of the FDCPA in attempting to collect the debt." *Douglass v. Convergent Outsourcing*, 765 F.3d 299, 303 (3d Cir. 2014). Defendant does not dispute that Plaintiff is consumer, that Defendant is a debt collector, or that Defendant was attempting to collect a debt from Plaintiff. Thus, the critical issue here is whether any part of the Letter violated the FDCPA.

Plaintiff alleges that Defendant violated § 1692e because the Letter implies that both Defendant and Union Emergency will be credit reporting. Compl. ¶ 29-31. In her opposition brief, Plaintiff clarifies that this alleged wrongdoing violated Sections 1692e(5) and (10). Plf. Opp. at 7-11. Defendant argues that Plaintiff's interpretation of these sentences in the Letter is bizarre and idiosyncratic. Def. Br. at 6-7. Section 1692e(5) prohibits debt collectors from threatening to take legal action that they cannot legally take or do not intend to take. 15 U.S.C. § 1692e(5). Section 1692e(10) prevents debt collectors from "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt." 15 U.S.C. § 1692e(10). A debt collection letter "is deceptive when it can be reasonably read to have two or more different meanings, one of which is inaccurate." *Knight v. Midland Credit Mgmt. Inc.*, 755 F. App'x 170, 174 (3d Cir 2018) (quoting *Caprio*, 709 F.3d at 149). Moreover, to be actionable, the false or misleading statement must be

4

material. "A statement is material if it has 'the potential to affect the decision-making process of the least sophisticated debtor.'" *Id.* (quoting *Caprio*, 709 F.3d at 149).

Plaintiff largely relies on *Knight v. Midland Credit Management Inc.* to demonstrate that the Letter violates § 1692e. Plf. Opp. at 5-6. The focus of the Third Circuit's analysis in *Knight* was on the meaning of the word "report". In *Knight*, the debt collection letter at issue stated in part that "[i]f you pay your full balance, we will report your account as **Paid in Full**. If you pay less than your full balance, we will report your account as **Paid in Full for less than the full balance.**" *Knight*, 755 F. App'x at 173 (emphasis in original). The Third Circuit determined that the defendant's use of the word "report" could be misleading because the debt collection letter did not clearly state who the defendant would report the payment to – the original creditor, the credit reporting agencies, or both. *Id.* at 175. The Circuit further determined that "because the entity to whom payment is reported can impact a debtor's decision to pay, this language could be found to be material." *Id.* Here, the Letter explicitly mentions Plaintiff's credit report. Compl., Ex. A. Thus, *Knight* does not support Plaintiff's argument as it appears clear that a party, be it Defendant or Union Emergency, might report the debt to a credit reporting agency.

The Court, therefore, considers the language of the Letter itself. In the beginning of the Letter, Defendant refers to itself as "us." Compl. Ex. A. The Letter then goes on to state that "our client is a credit reporting client. Your credit report, may have a negative impact if we do not hear from you." *Id.* Because Defendant previously referred to itself as "us" and then switched to "we" immediately after referencing Union Emergency, the Court agrees with Plaintiff that it is not clear who might cause the negative impact to the least sophisticated debtor's credit report. Defendant does not clarify whether Defendant, Union Emergency, or both would report the debt.

5

But while the Letter could conceivably have two different meanings, neither is inaccurate. Plaintiff does not allege an inaccuracy, and the Court is not aware of any reason why either Defendant or Union Emergency, or both, were unable to report Plaintiff's debt to a credit reporting agency.[3]  *See Spira v. Ashwood Fin., Inc.*, 358 F. Supp. 2d 150, 160 (E.D.N.Y. 2005) ("The letter states that it is a collection letter and to the extent that it threatens action, it merely reflects Defendant's policy, unrelated to Plaintiff's response, and reinforces the widely known fact that failure to pay debts that are owed might adversely affect one's credit rating and ability to obtain credit."); *Kohut v. Trans Union, LLC*, No. 04-2854, 2004 WL 1882239, at *2 (N.D. Ill. Aug. 11, 2004) (finding that the plaintiff failed to state a claim under § 1692e because "it is not false, deceptive, or misleading for CCB to tell a consumer credit reporting agency that it attempted to collect a debt . . . even if that leads to two records relating to the same debt in [the plaintiff's] credit report"). Accordingly, Plaintiff fails to plead that use of the word "we" in the Letter was false or deceptive in violation of Section 1692e(10).  Plaintiff also fails to sufficiently allege that the distinction of who would make the report was material.  As discussed, it is no secret that the failure to pay a debt might negatively impact the least sophisticated debtor's credit score.  *See Spira*, 358 F. Supp. 2d at 160.

Plaintiff also alleges that the Letter is false and misleading because it is not clear whether either entity will actually make a report to a credit reporting agency.  Compl. ¶ 32.  The use of conditional language alone does not render a debt collection letter false or misleading.  Instead, a

---

[3] In her opposition brief, Plaintiff argues that the Letter violates § 1692e(5) because Defendant legally cannot double report her debt. Plf. Opp. at 9-11.  These allegations, however, do not appear in the Complaint.  Accordingly, the Court will not consider them in deciding this motion.  *See Commonwealth of Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) ("It is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." (quoting *Car Carriers, Inc. v. Ford Motor Co.,* 745 F.2d 1101, 1107 (7th Cir.1984))).

6

plaintiff must allege that the defendant did not actually intend to make a negative credit report or could not legally do so. Plaintiff fails to do so here, and without such an allegation, there is nothing false or misleading about the Letter. *Cf. Schultz v. Midland Credit Mgmt., Inc.*, 905 F.3d 159, (3d Cir. 2018) (finding use of conditional word "might" when referring to reporting to the IRS in letter was false or misleading because the IRS reporting requirement was inapplicable); *Brown*, 464 F.3d at 455 (finding that debt collection letter stating that it could take action that defendant had no intention of taking was false and misleading).

Accordingly, Plaintiff fails to plead that the Letter violated Section 1692e because the identified language is not false or misleading under the present circumstances.

## IV.  CONCLUSION

Defendant's motion to dismiss (D.E.4) is **GRANTED**. Plaintiff's Complaint is dismissed without prejudice. Plaintiff shall have thirty (30) days to file an amended complaint that cures the deficiencies noted herein. If Plaintiff does not file an amended pleading within that time, this matter will be dismissed with prejudice. An appropriate Order accompanies this Opinion.

Dated: March 1, 2021

_____
John Michael Vazquez, U.S.D.J.