UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| Marquita Knight aka Fleming, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br><br><br><br>  -v.-<br><br>AR Resources, Inc. and JOHN DOES 1-25,<br><br>        Defendants. | C.A. No: 2:20-cv-07495-JMV-MF<br><br>**AMENDED CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Marquita Knight aka Fleming (hereinafter, "Plaintiff"), a New Jersey resident, brings this Amended Class Action Complaint by and through her attorneys, Stein Saks, PLLC, against Defendant AR Resources, Inc. (hereinafter "Defendant AR"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

**INTRODUCTION/PRELIMINARY STATEMENT**

1. Congress enacted the Fair Debt Collection Practices Act (hereinafter "the FDCPA" or "Act") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual

1

privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "'the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws ·were inadequate. *Id.* § l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. Id. § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq.  The Court has pendent jurisdiction over any state law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of New Jersey consumers under § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collection Practices Act ("FDCPA"), and

6. Plaintiff is seeking damages and declaratory relief.

## PARTIES

7. Plaintiff is a resident of the State of New Jersey, County of Union, with a residence at 76B Magnolia Avenue, Elizabeth, NJ 07206.

8. Defendant AR is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address at 1777 Sentry Parkway West, Veva 12 Suite 101, Blue Bell, Pennsylvania 19422.

9. Upon information and belief, Defendant AR is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

10. John Does l-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ALLEGATIONS

11. Plaintiff brings this claim on behalf of the following class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

12. The Class consists of:

    a. all individuals with addresses in the State of New Jersey;
    b. to whom Defendant AR sent an initial collection letter attempting to collect a consumer debt;
    c. regarding collection of a debt;
    d. that deceptively stated that both the original creditor and the debt collector would report to the credit bureaus;
    e. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (2l) days after the filing of this action.

13. The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

14. Excluded from the Plaintiff Class are the Defendants and all officer, members, partners, managers, directors and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

15. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as Exhibit A, violate 15 U.S.C. §§ l692e.

16. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

17. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   a. **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

   b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominate over any questions or issues involving only individual class members. The principal

  issue is whether the Defendants' written communications to consumers, in the forms **attached as Exhibit A** violate 15 § l692e.

 c. **<u>Typicality:</u>** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

 d. **<u>Adequacy:</u>** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

 e. **<u>Superiority:</u>** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

18. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

19. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

20. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

21. Some time prior to March 9, 2020, an obligation was allegedly incurred to Union Emergency Med Assoc.

22. The Union Emergency Med Assoc obligation arose out of a transaction involving a medical debt incurred by Plaintiff in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes, specifically medical services.

23. The alleged Union Emergency Med Assoc obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

24. Union Emergency Med Assoc is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

25. Union Emergency Med Assoc contracted with the Defendant AR to collect the alleged debt.

26. Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

<u>*Violation I – March 9, 2020 Collection Letter*</u>

27. On or about March 9, 2020, Defendant sent the Plaintiff an initial collection letter (the "Letter") regarding the alleged debt owed to Union Emergency Med Assoc. See a true and correct copy of the Letter attached as Exhibit A.

28. This letter states:

"Please be advised that our client is a credit reporting client. Your credit report may have a negative impact if we do not hear from you."

29. The first sentence advises that the Defendant's client is a credit reporting client, which implies that the client, not the Defendant would be doing the credit reporting.

30. However, the next sentence states that there could be a negative impact if "we" do not hear from you.

31. The use of "we" in the second sentence is confusing because in the rest of the Letter Defendant previously referred to itself as "we" and "us" and "our," but then switches to the use of "we" immediately after referencing Defendant's client, Union Emergency Med Assoc. This makes it appear as though "we" refers to both Defendant and Union Emergency Med Assoc, therefore giving the impression that both Defendant ARR and its client, Union Emergency Med Assoc, will credit report the debt to the national reporting agencies.

32. It is deceptive to state that two companies will report to the credit reporting agencies on the same debt.

33. It is unlawful for both Defendant and its client, Union Emergency Med Assoc, to report the same debt twice to the credit bureaus, or "double credit report" the debt, because it deceptively implies that the consumer is liable for two separate debts instead of one. This is a violation of not only of the FDCPA, but also the Fair Credit Reporting Act.

34. Therefore, the Letter intimidates and threatens the consumer by falsely suggesting that her account information will be reported twice to the national credit reporting agencies.

35. Moreover, in the alternative, the first statement is also deceptive because upon information and belief, Union Emergency Med Assoc never had any intention of reporting Plaintiff's delinquent debt to the credit bureaus.

36. Upon information and belief, Union Emergency Med Assoc does not have a practice of reporting delinquent medical debts to the credit bureaus, nor does it have a policy of doing so. Therefore, language in the Letter threatening a negative credit report of the debt by Union Emergency Med Assoc is deceptive because Union Emergency Med Assoc never had any intention of following through with that threat.

37. Plaintiff incurred an informational injury as Defendant falsely asserted that the same debt would be reported twice to the national credit reporting agencies twice.

38. As a result of Defendant's deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

## COUNT I

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692e**
*et seq.*

39. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

40. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

41. Pursuant to 15 U.S.C. § 1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

42. Defendant violated § 1692e:

      a. As the Letter it is open to more than one reasonable interpretation, at least one of which is inaccurate.

      b. By making a false and misleading representation in violation of §1692e(10).

43. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e et seq. of the FDCPA, and Plaintiff is entitled to an award of actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

44. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Marquita Knight aka Fleming, individually and on behalf of all others similarly situated demands judgment from Defendant AR as follows:

1. Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Raphael Deutsch, Esq. as Class Counsel;

2. Awarding Plaintiff and the Class statutory damages;

3. Awarding Plaintiff and the Class actual damages;

4. Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5. Awarding pre-judgment interest and post-judgment interest; and

6. Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated:  March 30, 2021								Respectfully Submitted,

											**STEIN SAKS, PLLC**

											/s/ *Raphael Deutsch*
											Raphael Deutsch, Esq.
											285 Passaic Street
											Hackensack, NJ 07601
											Phone: (201) 282-6500
											Fax: (201) 282-6501
											rdeutsch@steinsakslegal.com
											*Attorneys For Plaintiff*