**Not for Publication**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARQUITA KNIGHT a.k.a. FLEMING, individually and on behalf of all others similarly situated,<br><br>*Plaintiff(s)*,<br><br>v.<br><br>AR RESOURCES, INC.,<br><br>*Defendant*. | Civil Action No. 20-cv-7495<br><br>**OPINION** |

**John Michael Vazquez, U.S.D.J.**

  This putative class action involves alleged violations of the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692 *et seq.* Presently before the Court is Defendant AR Resources, Inc.'s motion to dismiss the Amended Complaint (the "AC"). D.E. 14. Plaintiff Marquita Knight a.k.a. Fleming filed a brief in opposition, D.E.17, to which Defendant replied, D.E. 18. The Court reviewed the parties' submissions[1] and decided the motion without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the reasons set forth below, Defendant's motion to dismiss is **GRANTED**.

---

[1] Defendant's brief in support of its motion to dismiss (D.E. 14-2) will be referred to as "Br."; Plaintiff's opposition brief (D.E. 17) will be referred to as "Opp."; and Defendant's reply (D.E. 18) will be referred to as "Reply."

I.      **BACKGROUND & PROCEDURAL HISTORY**[2]

Plaintiff allegedly incurred a financial obligation to Union Emergency Med Assoc. ("Union Emergency") some time before March 9, 2020, and Union Emergency "contracted with" Defendant to collect the debt. AC ¶¶ 21, 25. On March 9, 2020, Plaintiff received a debt collection letter (the "Letter") from Defendant regarding the alleged debt. *Id.* ¶ 27, D.E. 13-1. The Letter states as follows: "Please be advised that our client is a credit reporting client. Your credit report may have a negative impact if we do not hear from you." AC ¶ 28; D.E. 13-1.

After receiving the Letter, Plaintiff filed this putative class action on June 19, 2020. D.E. 1. Plaintiff alleged that the Letter violated Section 1692e of the FDCPA because the above statements imply that both Defendant and Union Emergency "will be credit reporting, which is threatening and deceptive to the least sophisticated consumer." *Id.* ¶ 31. Plaintiff further asserted, in the alternative, that the first statement is deceptive because it is not clear whether either company will actually report to a credit reporting agency. *Id.* ¶ 32. On July 29, 2020, Defendant filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). D.E. 4.

On March 1, 2021, the Court dismissed Plaintiff's Complaint without prejudice, finding that "while the Letter could conceivably have two different meanings, neither is inaccurate," because the Complaint neither alleged an inaccuracy nor provided a reason that Defendant or Union Emergency could not report Plaintiff's debt to a credit reporting agency. D.E. 11 at 6. The Court also rejected Plaintiff's claim that the Letter was false and misleading due to uncertainty as

---

[2] The factual background is taken from the Amended Complaint and its attached exhibit. D.E. 13. When reviewing a Rule 12(b)(6) motion to dismiss, "courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). Here, Plaintiff attached the debt collection letter at issue as an exhibit to the Amended Complaint and also makes repeated references to the letter in the pleading. Accordingly, the Court considers the exhibit in deciding this motion.

2

to whether either entity would actually make a credit report because Plaintiff did not allege that Defendant did not actually intend to make a negative credit report or could not legally do so. *Id.* at 6-7. Plaintiff was granted thirty days to file an amended complaint curing the deficiencies noted in the Court's Opinion. D.E. 11 at 7.

On March 30, 2021, Plaintiff filed her Amended Complaint. D.E. 13. The Amended Complaint largely repeats the same allegations contained in the initial Complaint. However, Plaintiff adds allegations that "[i]t is unlawful for both Defendant and [Union Emergency] to report the same debt twice to the credit bureaus…because it deceptively implies that the consumer is liable for two separate debts instead of one." *Id.* at ¶ 33. Plaintiff also alleges that "language in the Letter threatening a negative credit report of the debt by [Union Emergency] is deceptive because [Union Emergency] never had any intention of following through with that threat." *Id.* at ¶ 36. Defendant subsequently moved to dismiss the Amended Complaint for failure to state a claim. D.E. 14.

**II.    LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss a complaint that fails "to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6). For a complaint to survive dismissal under Rule 12(b)(6), it must contain sufficient factual allegations to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Further, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of her claims." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016). In evaluating the sufficiency of a complaint, district

courts must separate the factual and legal elements. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-211 (3d Cir. 2009). Restatements of the elements of a claim are legal conclusions, and therefore, are not entitled to a presumption of truth. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011). The Court, however, "must accept all of the complaint's well-pleaded facts as true." *Fowler*, 578 F.3d at 210.

### III.   ANALYSIS

The FDCPA "creates a private right of action against debt collectors who fail to comply with its provisions." *Grubb v. Green Tree Servicing, LLC*, No 13-07421, 2014 WL 3696126, at *4 (D.N.J. July 24, 2014). The FDCPA was enacted by Congress in 1977 with the purpose of eliminating "abusive, deceptive, and unfair debt collection practices" by debt collectors. 15 U.S.C. § 1692a. "As remedial legislation, the FDCPA must be broadly construed in order to give full effect to these purposes." *Caprio v. Healthcare Revenue Recovery Grp., LLC*, 709 F.3d 142, 148 (3d Cir. 2013), *overturned on other grounds by Riccio v. Sentry Credit, Inc.*, 954 F.3d 582 (3d Cir. 2020) (*en banc*). To that end, "[l]ender-debtor communications potentially giving rise to claims under the FDCPA should be analyzed from the perspective of the least sophisticated debtor." *Rosenau v. Unifund Corp.*, 539 F.3d 218, 221 (3d Cir. 2008) (quoting *Brown v. Card Serv. Ctr.*, 464 F.3d 450, 454 (3d Cir. 2006)). "[A]lthough this standard protects naive consumers, it also 'prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness and presuming a basic level of understanding and willingness to read with care.'" *Wilson v. Quadramed Corp.*, 225 F.3d 350, 354-55 (3d Cir. 2000) (quoting *United States v. Nat'l Fin. Servs., Inc.*, 98 F.3d 131, 136 (4th Cir. 1996)).

To succeed on an FDCPA claim, a plaintiff must demonstrate that "(1) she is a consumer, (2) the defendant is a debt collector, (3) the defendant's challenged practice involves an attempt to

collect a 'debt' as the Act defines it, and (4) the defendant has violated a provision of the FDCPA in attempting to collect the debt." *Douglass v. Convergent Outsourcing*, 765 F.3d 299, 303 (3d Cir. 2014). Defendant does not dispute that Plaintiff is a consumer, that Defendant is a debt collector, or that Defendant was attempting to collect a debt from Plaintiff. Thus, the critical issue here is whether any part of the Letter violated the FDCPA.

As noted, the Court's prior Opinion found that Plaintiff had not plausibly alleged a violation of the FDCPA. D.E. 11. Specifically, the Court considered Plaintiff's allegations regarding the Letter's use of "we" in the following sentence: "Your credit report may have a negative impact if we do not hear from you[.]" Plaintiff argued that the word wrongfully implied that both Defendant and Union Emergency would be credit reporting in violation of Sections 1692e(5) and (10). *Id.* at 4-6; D.E. 1 ¶¶ 28-31. Section 1692e(5) prohibits debt collectors from "threat[ening] to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e(5). Section 1692e(10) prevents debt collectors from "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt." 15 U.S.C. § 1692e(10). A debt collection letter "is deceptive when it can be reasonably read to have two or more different meanings, one of which is inaccurate." *Knight v. Midland Credit Mgmt. Inc.*, 755 F. App'x 170, 174 (3d Cir 2018) (quoting *Caprio*, 709 F.3d at 149). To be actionable, the false or misleading statement must be material, or have "'the potential to affect the decision-making process of the least sophisticated debtor.'" *Id.* (quoting *Caprio*, 709 F.3d at 149).

The Court concluded that because Defendant referred to itself as "us" in the Letter before switching to "we" immediately after referencing Union Emergency, it was not clear to the least sophisticated debtor which party might report the debt. D.E. 11 at 5. But the Court went on to find that despite this ambiguity, neither interpretation was inaccurate because Plaintiff did not

allege an inaccuracy and the Court was "not aware of any reason why either Defendant or Union Emergency, or both, were unable to report Plaintiff's debt to a credit reporting agency." *Id.* at 6. The Court further determined that Plaintiff failed to sufficiently allege that the distinction of which party would make the credit report was material. *Id.* The Court's opinion also addressed whether the Letter was false and misleading because it is not clear whether either entity will actually make a report to a credit reporting agency. *Id.* at 6-7. The Court found that "[t]he use of conditional language alone does not render a debt collection letter false or misleading," and that "a plaintiff must allege that the defendant did not actually intend to make a negative credit report or could not legally do so." *Id.*

In her Amended Complaint, Plaintiff repeats her allegations that the Letter violates Section 1692e[3] by giving the impression that both Defendant and Union Emergency will credit report the same debt. AC ¶¶ 29-32, 34, 37. Though Plaintiff adds several new allegations in the Amended Complaint, Plaintiff has not cured the deficiencies noted in the Court's prior opinion. First, Plaintiff now claims that "[i]t is unlawful for both Defendant and [Union Emergency] to report the same debt twice to the credit bureaus…because it deceptively implies that the consumer is liable for two separate debts instead of one." AC ¶ 33. However, consistent with the Court's prior observations, it is not unlawful for two entities to report the same debt. *See* D.E. 11 at 6 (citing *Spira v. Ashwood Fin., Inc.*, 358 F. Supp. 2d 150, 160 (E.D.N.Y. 2005) and *Kohut v. Trans Union, LLC*, No. 04-C-2854, 2004 WL 1882239, at *2 (N.D. Ill. Aug. 11, 2004) for the proposition that Defendant and Union Emergency could both report Plaintiff's debt to a credit reporting agency); *see also Macias v. Credit Control, LLC*, No. 1:17-CV-01158, 2017 WL 2619145, at *3 (N.D. Ill.

---

[3] Plaintiff specifies in her opposition brief that the alleged wrongdoing violates Sections 1692e(5) and (10) in particular. Opp. at 6.

June 16, 2017) ("[D]ebt collectors do not violate the FDCPA when they report a debt, even if another entity has already made a credit bureau report about the same debt."); *Reyes v. IC Sys., Inc.*, 470 F. Supp. 3d 190, 193 (D. Conn. 2020) ("The reporting of a debt that is already reflected on a credit report is not deceptive so long as the second report does not mislead about whether it is collecting the same debt as the previous reported debt."); *Frierson v. States Recovery Sys.*, Civ. No. 2:17-0781, 2017 WL 2546889, at *2 (E.D. Cal. June 13, 2017) ("[W]here multiple tradelines are reported for a single billing account, but the information reported in such tradelines is accurate, no section 1692e claim is established.").

In her opposition brief, Plaintiff cites to cases that purportedly demonstrate that double reporting the same debt violates the FDCPA. Opp. at 7. As Defendant notes, Plaintiff's cited cases are distinguishable from the present matter. Reply at 1-2. In *Akalwadi v. Risk Mgmt. Alts., Ind.*, 336 F. Supp. 2d 492 (D. Md. 2004), the debt was reported from two different offices of the debt collector, making it appear that there were two *different* accounts totaling an amount double what was actually owed. Here, Plaintiff does not allege that potentially reporting the same debt twice would result in the appearance of Plaintiff owing two different debts or owing double her actual debt. In *Cook v. Mt. Am. Fed. Credit Union*, No. 18-cv-1548, 2018 U.S. Dist. LEXIS 130478 (D. Ariz. Aug. 3, 2018), the plaintiff's claim was brought under the Fair Credit Reporting Act rather than the FDCPA; therefore, the case is inapposite. And in *Gustafson v. Experian Info. Sols., Inc.*, No. 14-cv-1453, 2014 U.S. Dist. LEXIS 70046 (C.D. Cal. May 21, 2014), the plaintiff alleged that the two reports themselves were inaccurate, which is not the issue here. In fact, one of the cases Plaintiff relies upon unequivocally states that debt collectors do not violate the FDCPA when they report a debt that another entity has already reported "so long as the second report does

not mislead about whether it is collecting the same debt as the previous reported debt." *Reyes v. IC Sys.*, 470 F. Supp. 3d 190, 193 (D. Conn. 2020).

Further, Plaintiff does not provide any other reason why either of the two possible readings of the Letter is inaccurate. *See* D.E. 11 at 6 (finding that "while the Letter could conceivably have two different meanings, neither is inaccurate"). Nor does the Amended Complaint address the Court's prior finding that Plaintiff "fail[ed] to sufficiently allege that the distinction of who[m] would make the report was material." *Id.* Without sufficiently alleging materiality, Plaintiff cannot sustain a claim under Section 1692e. *Knight*, 755 F. App'x at 174. Thus, Plaintiff fails to sufficiently plead that the Letter violates the FDCPA by implying that Defendant or Union Emergency may both report the same debt.

Additionally, Plaintiff now alleges that the statement "Please be advised that our client is a credit reporting client," deceptively threatened a negative credit report because Union Emergency never had any intention of reporting Plaintiff's delinquent debt to the credit bureaus and did not have a policy or practice of doing so. AC ¶¶ 35-36. Plaintiff clarifies in her opposition brief that this alleged wrongdoing violates Sections 1692e(5) and (10). Opp. at 10-14. In *Schultz v. Midland Credit Mgmt., Inc.*, 905 F.3d 159 (3d Cir. 2018), the Third Circuit considered whether the language "[w]e will report forgiveness of debt as required by IRS regulations," with the qualifier that "[r]eporting…might not be required in your case," violated Sections 1692e(5) and (10) by presenting a false or misleading view of the law because the IRS reporting requirement was wholly inapplicable to the plaintiffs' debts. *Id.* at 161-62. The *Schultz* court held that the plaintiffs had plausibly alleged a violation of the FDCPA because the challenged language suggested that reporting was a possibility, when "under *no* set of circumstances will reporting ever occur." *Id.* at 163 (emphasis in original). Similarly, in *Brown v. Card Serv. Ctr.*, 464 F.3d 450

(3d Cir. 2006), the Third Circuit found that a letter stating that an action could be taken that the defendant had no intention of taking was false or misleading. *See id.* at 455. However, where a letter "accurately reflect[s] an outcome that *could come to pass*, [it] cannot be viewed as 'false and misleading' even to the least sophisticated debtor." *Bordeaux v. LTD Fin. Servs.*, L.P., Civil No. 16-0243 (KSH) (CLW), 2021 WL 4438127, at *5 (D.N.J. Sept. 28, 2021) (emphasis added).

Here, Plaintiff's claim that Union Emergency did not have a policy or practice of reporting delinquent debt is asserted in a conclusory fashion and is based "[u]pon information and belief[.]" AC ¶¶ 35-36. A plaintiff may plead facts "'upon information and belief' "where it can be shown that the requisite factual information is peculiarly within the defendant's knowledge or control – so long as there are no boilerplate and conclusory allegations and plaintiffs accompany their legal theory with factual allegations that make their theoretically viable claim plausible." *McDermott v. Clondalkin Grp., Inc.*, 649 F. App'x 263, 267-68 (3d Cir. 2016) (quoting *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 216 (3d Cir. 2002)) (internal punctuation omitted). Here, Plaintiff has failed to provide the attendant factual allegations.

Plaintiff also argues in her opposition brief that the Amended Complaint "unequivocally state[s]" that "neither Defendant nor its client, [Union Emergency], ever had any intention of reporting Plaintiff's delinquent debt to the credit bureaus. See Dkt. # 13, ¶ 33." Opp. at 13. However, the Amended Complaint contains no such allegation, and Plaintiff is cautioned as to making such a blatant misstatement to the Court. Accordingly, this is not a situation like in *Schultz* where "under *no* set of circumstances will reporting ever occur." *Schultz*, 905 F.3d at 163 (emphasis in original). Because filing a credit report is an action that "could come to pass," the challenged statement cannot be viewed as false or misleading, even to the least sophisticated

9

debtor, and thus does not constitute a violation of Section 1692e. *See Bordeaux*, 2021 WL 4438127, at *5.

### IV.   CONCLUSION

Defendant's motion to dismiss (D.E.14) is **GRANTED**. Given Plaintiff's inability to address the deficiencies noted in the Court's prior opinion, the Court has real concerns that any attempted amendment would be futile. Nevertheless, Plaintiff's Amended Complaint is dismissed without prejudice. Plaintiff shall have thirty (30) days to file a second amended complaint that cures the deficiencies noted herein. If Plaintiff does not file an amended pleading within that time, this matter will be dismissed with prejudice. An appropriate Order accompanies this Opinion.

Dated: October 29, 2021

_____
John Michael Vazquez, U.S.D.J.